Haverj TAIMORIAN, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70083.

INS No. A70–301–288.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2002.*

Decided Feb. 20, 2002.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before PREGERSON and WARDLAW, Circuit Judges, and SHADUR, District Judge.**

### MEMORANDUM [1]

Petitioner Haverj Taimorian appeals the Board of Immigration's ("BIA") denial of his motion to reopen deportation proceedings. Because the facts are well-known to the parties, we do not repeat them here. Our jurisdiction to review the BIA's denial of Taimorian's motion arises under the old § 106(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1105a(a).[2] We review the BIA's denial of a motion to reopen for an abuse of discretion. *See INS v. Doherty,* 502 U.S. 314, 322, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

The BIA correctly found that Taimorian's motion to reopen was untimely because he filed it more than ninety days after a final administrative decision was issued in his case. *See* 8 C.F.R. § 3.2(c)(2). The exception to the statute of limitations for "changed circumstances arising in the country of nationality," 8 C.F.R. § 3.2(c)(3)(ii), does not apply because none of the evidence proffered by Taimorian shows that conditions in Iran have changed since his asylum claim was adjudicated. We must therefore affirm the BIA's denial of Taimorian's motion.

The Immigration Judge granted Taimorian voluntary departure within thirty days. This period will start to run upon the issuance of our mandate affirming the BIA's denial of Taimorian's motion. *See Contreras–Aragon v. INS,* 852 F.2d 1088, 1097 (9th Cir.1988) (en banc) (holding that "the voluntary departure period does not expire until after our affirmance of the deportation order").

PETITION DENIED.

---

** The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. The Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") has replaced § 106 with a new judicial review provision, IIRIRA § 242, codified in 8 U.S.C. § 1252. The old provision rather than the new provision applies in this case because deportation proceedings began before April 1, 1997 (on June 13, 1995) and a final order of deportation was issued under § 241 of the INA after October 30, 1996 (on January 27, 1997). *See* IIRIRA § 309(c)(1); *Arrozal v. INS,* 159 F.3d 429, 432 (9th Cir.1998); *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997).

